**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**September 6, 2016**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: J.G., L.G., and N.G.

No. 16-0337 (Fayette County 14-JA-116, 14-JA-117, & 15-JA-02)

**MEMORANDUM DECISION**

Petitioner Father D.G., by counsel Nancy S. Fraley, appeals the Circuit Court of Fayette County's March 7, 2016, order terminating his parental rights to J.G., L.G., and N.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, Thomas A. Rist, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in limiting the mother's visitation with the children, in conducting the dispositional hearing while petitioner and the mother were unavailable, and in terminating his parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner and the mother of the subject children were selling heroin and Roxicodone in the children's presence. The DHHR also alleged that petitioner and the mother kept illegal drugs in the home. The DHHR further indicated that petitioner and the mother had a previous abuse and neglect

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because petitioner and the children in this matter share the same initials, the Court will refer to the children as J.S.-1, J.S.-2, J.S.-3, and J.S.-4 and to petitioner as J.S.-5 throughout this memorandum decision.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

petition filed against them in Fayette County, West Virginia and petitioner had a prior involuntary termination of his parental rights to other children in Raleigh County, West Virginia. Petitioner and the mother were subsequently charged criminally with delivery of heroin and child neglect creating risk of injury.

In November of 2014, the circuit court held a preliminary hearing wherein both of the parents waived their rights to the preliminary hearing, and after an inquiry, the circuit court accepted their waiver. The circuit court found probable cause that the children were abused and that imminent danger existed to the children's physical well-being. The circuit court granted both of the parents supervised visitation with the children and ordered that they both submit to random drug screening.

In August of 2014, the circuit court held an adjudicatory hearing wherein both of the parents stipulated to the allegations as set forth in the petition. The circuit court accepted the parents' stipulations and found that petitioner and the mother were abusing parents. The circuit court ordered that petitioner and the mother remain drug free, submit to random drug screenings, and not violate any state, local, or federal laws. The circuit court also granted the parents supervised visitation. Subsequent to the adjudicatory hearing, petitioner filed a motion for a post-adjudicatory improvement period and his motion was granted.

After N.G.'s birth on January 20, 2015, the DHHR filed an amended petition incorporating that child into the current abuse and neglect proceedings. In February of 2015, the circuit court held an adjudicatory hearing regarding N.G. Petitioner stipulated to the allegations as set forth in the petition and admitted that his dependency on illegal drugs impaired his ability to parent and that he failed provide his children with a safe environment. Petitioner requested and was granted a post-adjudicatory improvement period with regard to N.G. The improvement period was ordered to coincide with the improvement period previously granted.

In May of 2015, petitioner pled guilty to the related criminal charges and was sentenced to a period of not less than one year nor more than fifteen years of incarceration for the delivery of heroin and not less than one year nor more than five years for child neglect creating risk of injury. The circuit court ordered that petitioner's sentences run consecutively to each other. In the abuse and neglect proceeding, petitioner sought an extension of his improvement period, which the circuit court denied.

In February of 2016, after several motions to continue, the circuit court held a dispositional hearing wherein both parents failed to appear but were represented by counsel. Petitioner, while still incarcerated, made no requests to appear or be transported to this dispositional hearing or any of the other previously scheduled dispositional hearings. The DHHR requested the termination of parental rights for both parents, and the guardian agreed with the recommendation. At the close of the hearing, the circuit court found that petitioner was unable or unwilling to adequately provide for the children's needs and there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. The circuit court further found that terminating petitioner's parental rights was in the children's best interests. The circuit court determined that petitioner was incarcerated and would be for a lengthy period of time. The circuit court noted that the children spent fifteen of the prior twenty-

two months in foster care. Ultimately, the circuit court terminated petitioner's parental rights to the children by order dated March 7, 2016. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, we find no error in the abuse and neglect proceedings below.

On appeal, petitioner first argues that the circuit court erred in limiting the mother's visitation with the children because it hampered his ability to retain his parental rights. The record on appeal clearly demonstrates that the mother was a party to these proceedings whose interests were represented by an attorney. Simply put, petitioner lacks standing to assert an assignment of error on behalf of another party. We have previously held that

> "[t]raditionally, courts have been reluctant to allow persons to claim standing to vindicate the rights of a third party on the grounds that third parties are generally the most effective advocates of their own rights and that such litigation will result in an unnecessary adjudication of rights which the holder either does not wish to assert or will be able to enjoy regardless of the outcome of the case." *Snyder v. Callaghan,* 168 W.Va. 265, 279, 284 S.E.2d 241, 250 (1981) (citation omitted).

*Kanawha Cty. Pub. Library Bd. v. Bd. of Educ. of Cty. of Kanawha,* 231 W.Va. 386, 398, 745 S.E.2d 424, 436 (2013). As such, the Court declines to address this assignment of error on appeal.

Petitioner further argues that he was generally successful during his post-adjudicatory improvement period and his subsequent incarceration had a "negative affect" [sic] on both parents' ability to complete their respective improvement periods. We have explained that West Virginia Code §§49-4-610(1) provides the circuit court with the discretion to grant post-adjudicatory improvement periods in abuse and neglect proceedings. Moreover, West Virginia Code § 49-4-610(4)(A) provides that the parents are "responsible for the initiation and completion of all terms of the improvement period." While petitioner argues that it was the

circuit court's sentencing that hindered his ability to complete his improvement period, the record indicates that it was petitioner's own actions that impeded his ability to complete the terms of his post-adjudicatory improvement period. According to the record, petitioner admitted to selling heroin and Roxicodone in the children's presence and to keeping illegal drugs in the home. Petitioner then pled guilty to the related criminal charges and was sentenced, thereby hindering his ability to fully comply with the terms of his improvement period. As such, we find no error.

Next, petitioner argues that the circuit court erred in conducting the dispositional hearing while he and the mother were unavailable.[3] Upon our review, however, the Court finds petitioner's argument is without merit. Pursuant to West Virginia Code §§49-4-601(h) "the party or parties having custodial or other parental rights or responsibilities to the child[ren] shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses." In the case at hand, the dispositional hearing was properly noticed and the parties had the opportunity to testify, present witnesses, and cross-examine any witnesses presented. The parties were unavailable because petitioner was incarcerated and the mother voluntarily committed herself to a mental health facility. As such, it is clear that the circuit court did not err in conducting the dispositional hearing while petitioner and the mother were unavailable.

Petitioner further contends the circuit court erred in conducting the dispositional hearing because he was not present and claims that his presence at the dispositional hearing would have provided the circuit court with "clarity" in his case and that protections should have been afforded to him as an incarcerated parent. In support of his contention, petitioner relies upon *State ex rel. Jeanette H. v. Pancake*, 207 W.Va. 154, 529 S.E.2d 865 (2000).[4] However, we find *Pancake* to be inapposite to petitioner's assignment of error raised herein. In *Pancake*, we explained that "an incarcerated parent's right to a meaningful hearing is not accompanied by an automatic or absolute right to be physically present at termination proceedings." *Id*. at 162, 529 S.E.2d at 873 (2000). We further held that "[w]hether an incarcerated parent may attend a dispositional hearing addressing the possible termination of his or her parental rights is a matter committed to the sound discretion of the circuit court." *Id*. at 158, 529 S.E.2d at 869, Syl. Pt. 10. In the case at hand, and contrary to the facts presented in *Pancake*, petitioner made no requests to be transported to any hearing that took place after his incarceration and made no request to be physically present for the dispositional hearing. There is no indication on the record that petitioner sought transportation to the dispositional hearing or that he was otherwise prohibited

---

[3]Because the permanency hearing in this matter took place after May 20, 2015, the day the revisions to West Virginia Code §§ 49-1-101 through 49-7-304 became effective, the Court will apply the revised versions of those statutes on appeal.

[4]The relevant facts of *Pancake* are as follows: petitioner was in the custody of the West Virginia Department of Corrections for violating conditions imposed by parole. The DHHR filed a petition to gain immediate custody of petitioner's five children. After receiving notice of the termination proceedings, petitioner presented the circuit court with a proposed order directing her transportation from the jail so that she might attend the proceedings. The circuit court declined to enter the order and petitioner filed a motion for a writ of prohibition with this Court.

4

from making such a request. For these reasons, we find that the circuit court did not abuse its discretion in conducting the dispositional hearing.

Finally, petitioner argues that the circuit court erred in terminating his parental rights based upon the proffered multidisciplinary team ("MDT") report and in the absence of testimony. Upon our review, we find that petitioner's argument lacks merit. While petitioner is correct that no testimony was taken and no cross-examination was afforded, he ignores the evidence on the record. Although petitioner was not present at the dispositional hearing, he was represented by counsel who chose to call no witnesses on his behalf. As such, the circuit court took judicial notice of the MDT reports and the prior pleadings in the case, including petitioner's stipulation and the evidence of his prior involuntary termination, in addition to what was proffered. Petitioner's counsel did not object to the proffered information or to the information contained in the MDT reports.

Moreover, it is clear from the record that the evidence supported termination. In addition to his incarceration during the pendency of these proceedings, the record on appeal reveals that petitioner's prior involuntary termination of parental rights was for selling illegal drugs out of the home and he is currently incarcerated for the delivery of heroin and child neglect creating risk of injury. Finally, the record indicates that petitioner will not be eligible for parole until 2017. Petitioner also admitted that his dependency on illegal drugs impaired his ability to parent and that he failed to provide his children with a safe environment. Additionally, the circuit court found that the children spent fifteen of the last twenty-two months in foster care and need permanency.

Pursuant to West Virginia Code § 49-4-604(c)(1), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning[.]

In the proceedings below, the circuit court specifically made this finding based on petitioner's stipulation to drug abuse and the resulting impairment of his ability to parent. The circuit court also found that termination of his parental rights was necessary for the children's well-being. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. For these reasons, we find no error in the circuit court's order terminating petitioner's parental rights.

For the foregoing reasons, the circuit court's March 7, 2016, order terminating petitioner's parental rights to the children is hereby affirmed.

Affirmed.

5

**ISSUED**: September 6, 2016


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II